UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM COVERT,**

    **Plaintiff,**

v.                                Case No. 6:25-cv-1071-CEM-NWH

**ARIELLE C. HACKING, DEREK BROWN, THOMAS HIGBEE, MATTHEW BELL, and GREGORY ORME,**

    **Defendants.**

## REPORT AND RECOMMENDATIONS

This cause comes before the Court on the Motion to Proceed *in forma pauperis*, Motion to Expedite Ruling, and Motion to Consolidate filed by Plaintiff. (Docs. 2, 12, 16). For the reasons stated below, the undersigned will respectfully recommend that the Court dismiss this action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and deny all pending motions accordingly.

## BACKGROUND

This lawsuit concerns a Utah defamation case against Defendant Arielle C. Hacking ("Ms. Hacking") that Plaintiff lost, resulting in a judgment against Plaintiff for Ms. Hacking's attorney's fees. (Doc. 8 at 3, 5–6). The Utah Supreme Court ultimately rejected Plaintiff's direct appeal. (*Id.* at 3). Defendants Thomas Higbee, Matthew Bell, and Gregory Orme are all Utah state court judges, and Defendant Derek Brown is the Attorney General of Utah. (*Id.* at 4–5). This Court previously

explained to Plaintiff the various flaws of his Complaint, (*see* Doc. 7), and Plaintiff filed an Amended Complaint soon thereafter, (*see* Doc. 8).

## STANDARD

An individual may proceed *in forma pauperis* if they declare in an affidavit that they are unable to pay or give security for court fees. 28 U.S.C. § 1915(a)(1). However, before a court may allow a plaintiff to proceed *in forma pauperis*, the court must review the complaint to determine if the complaint is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B) (hereinafter referred to as "Section 1915"). A court must dismiss a complaint or grant leave to amend the complaint *sua sponte* if the complaint is deficient under Section 1915(e). *Id.*

A complaint initiating a civil action must contain a "short and plain statement of grounds for the court's jurisdiction[;] a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "A complaint 'is frivolous where it lacks an arguable basis either in law or in fact.'" *Jackson v. Farmers Ins. Group/Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010). If an affirmative defense would defeat the complaint, then the court may dismiss it under Section 1915. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). While courts liberally construe documents filed *pro se* for purposes of Section 1915, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable

time of the courts in order to prosecute an action which is totally without merit," *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). However, a court may *not* dismiss a complaint filed *in forma pauperis* on the basis of failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), without giving the plaintiff an opportunity to amend the complaint under Federal Rule of Civil Procedure 15. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).

## DISCUSSION

Plaintiff's Amended Complaint differs from the original in that Plaintiff has named a new Defendant, Judge Gregory Orme, and has trimmed away much of the original Complaint's unnecessary legal argumentation. (*See* Doc. 8; *cf.* Doc. 1). The Amended Complaint provides significantly more clarity as to the nature of Plaintiff's claims, which all arise out of the Utah state court judgment. (*See id.*). Plaintiff alleges that he has "exhausted state remedies and was denied a rehearing by the Utah Court of Appeals and [his] writ [of] certiorari [was denied] by the Utah Supreme Court." (*Id.* at 3).

Although the Amended Complaint corrects many of the errors from the original, it does not escape the *Rooker-Feldman* doctrine's sweep. As this Court previously explained, (Doc. 7 at 4–5), lower federal courts have *no role* in the review of state court judgments, and no exception to that doctrine could apply here.[1] *See Linge v.*

---

[1] Plaintiff alleges that Defendants engaged in various forms of misconduct, conspiracy, and mischief. However, even if Defendants committed a fraud against Plaintiff or against the Utah courts, the Eleventh Circuit recognizes no "fraud exception" to the *Rooker-Feldman* doctrine. *Valentine v. BAC*

*State of Ga. Inc.*, 569 F. App'x 895, 895 (11th Cir. 2014) (discussing the *Rooker-Feldman* doctrine); *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) ("The *Rooker–Feldman* doctrine is jurisdictional."). Once Plaintiff's direct appeals were exhausted, his next option is to seek a writ of *certiorari* from the only court with (limited) authority over state supreme courts—the Supreme Court of the United States. *See Williams v. Kaiser*, 323 U.S. 471 (1945) (discussing the relationship of state supreme courts to the federal Supreme Court). This Court, a federal district court, simply lacks appellate jurisdiction over state court judgments. As such, the *Rooker-Feldman* doctrine bars Plaintiff's claims, and the undersigned will recommend that the Court dismiss this action.

Jurisdiction is not Plaintiff's only problem in this case. Judicial immunity, as discussed by this Court's prior order, (Doc. 7 at 8–9), would bar Plaintiff's claims against Defendant Judges Thomas Higbee, Matthew Bell, and Gregory Orme, as the Amended Complaint does not allege that any of these parties acted *outside* their capacities as judges or acted in the *complete absence* of jurisdiction. *See Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (discussing judicial immunity). Simply put, a judge cannot be held personally liable for performing their judicial duties. The appellate

---

*Home Loans Servicing, L.P.*, 635 Fed. App'x 753, 757 (11th Cir. 2015) ("Such an exception could effectively gut the doctrine by permitting litigants to challenge almost any state-court judgment in federal district court merely by alleging that the other party lied during the state-court proceedings."). If fraud or other misconduct occurred, Plaintiff's remedy is the same as if he had lost the case fair and square: filing an appeal.

process, not collateral litigation on the other side of the country, is the proper way to challenge a judge's decisions.

Because of these issues, which relate to the core of Plaintiff's claims and which cannot be cured by further amendments to the Complaint, the undersigned will recommend that the Court dismiss this action for failure to state a claim and for frivolousness under Section 1915. As Plaintiff has already amended the Complaint, the undersigned does not recommend that the Court grant Plaintiff leave to file second Amended Complaint, as the issues described above cannot be cured by further amendment.

## RECOMMENDATION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e) and **DENY** Plaintiff's Motion to Proceed *in forma pauperis*.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida, on September 4, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Party