UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM COVERT,**

        **Plaintiff,**

v.                                              **Case No. 6:25-cv-1071-CEM-NWH**

**ARIELLE C. HACKING, DEREK BROWN, THOMAS HIGBEE, MATTHEW BELL, and GREGORY ORME,**

        **Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 18), recommending that the Motion be denied and this case be dismissed. Plaintiff filed an Objection (Doc. 23) to the R&R and a Notice of Clarification (Doc. 27).

### I.  BACKGROUND

This case arises from an underlying defamation case filed by Plaintiff against Defendant Arielle C. Hacking in Utah. (Am. Compl., Doc. 8, at 2). Defendants Thomas Higbee, Matthew Bell, and Gregory Orme are Utah state court judges, and Defendant Derek Brown is the Attorney General of Utah (collectively "State

Page **1** of **5**

Defendants"). (*Id.* at 4–5). Plaintiff lost the underlying lawsuit, resulting in an attorney's fees award against Plaintiff. (*Id.* at 3, 5–6). Plaintiff exhausted his appeals within the Utah state courts. (*Id.* at 3).

Upon review of the original Complaint, the Court concluded that it failed to meet basic pleading standards, giving Plaintiff a detailed explanation of why and what he needed to do to correct the deficiencies. (*See generally* July 3, 2025 Order, Doc. 7). Shortly thereafter, Plaintiff filed his Amended Complaint (Doc. 8), which is the operative pleading.[1] At its core, the Amended Complaint challenges the underlying case as violative of Plaintiff's rights. (*See generally id.*). As such, the R&R concluded that this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.[2] (Doc. 18 at 3–4). Plaintiff objects to this determination. (Doc. 23 at 5–6, 9–10).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review

---

[1] Plaintiff has also improperly filed a Second Amended Complaint (Doc. 20) without leave of Court, which will be stricken. *See* Fed. R. Civ. P. 15(a).
[2] The R&R also noted that Plaintiff's claims against the judicial Defendants would be barred by judicial immunity. The Court agrees, but it is unnecessary to address because the entire action is due to be dismissed pursuant to the *Rooker-Feldman* doctrine.

"require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

In his First Claim, Plaintiff asserts that the application of the attorney's fee statute in his underlying case—i.e., the award of fees against Plaintiff in that case—violated his rights. (Doc. 8 at 5–6). Plaintiff's Second Claim alleges that his rights were violated by the exclusion of evidence in the underlying case. (*Id.* at 6–8). For both the First and Second Claims, Plaintiff seeks "injunctive relief against [the State Defendants] for each contested decision, and injuncti[ve] relief preventing the enforcement of" the attorney's fee statute in the underlying defamation suit. (*Id.* at 6, 8). The Third Claim alleges the defamation claims against Hacking that were asserted, and rejected, in the underlying defamation case and complains that the State Defendants failed to remedy such defamation. (*Id.* at 8–9).

"The *Rooker-Feldman* doctrine 'is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments.' The rule is not prudential but rather 'follows naturally from the jurisdictional boundaries that Congress has set for the federal courts. First, federal district courts are courts of original jurisdiction' which 'generally cannot hear appeals [a]nd second, only the

Supreme Court can reverse or modify state court judgments.'" *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (quotations omitted).

Despite Plaintiff's protestations that he "does not seek reversal or nullification of" the underlying judgment, the Amended Complaint clearly seeks just that. Regardless of how they are framed, the First Claim is an appeal of the Utah state court's award of attorney's fees against Plaintiff, the Second Claim is an appeal of evidentiary rulings made by the Utah state court, and the Third Claim is an appeal of the underlying determination on the merits of the defamation claim. "*Rooker-Feldman* 'bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else.'" *Id.* at 1236 (quotation omitted). Accordingly, the *Rooker-Feldman* doctrine applies here, and this Court lacks jurisdiction over Plaintiff's claims.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 18) is **ADOPTED** and made a part of this Order.

2. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**.

3. The Second Amended Complaint (Doc. 20) is **STRICKEN**.

4. This Case is **DISMISSED for lack of subject matter jurisdiction**.

5. All other pending motions are **DENIED as moot**.

6. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party